UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:05CV139-EHJ

LARRY GOSSER                                                                                  PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Larry Gosser seeks disability insurance benefits which were denied by the Commissioner. The Court has considered the materials of record, the arguments of the parties and applicable authorities, and is of the opinion that the Decision of the Commissioner is supported by substantial evidence and should be affirmed.

I. Introduction

Mr. Gosser filed his application for disability benefits alleging that he became disabled by lower back injuries causing nerve damage (Tr. 63). After a hearing on October 13, 2004, Administrative Law Judge Roger Reynolds ("ALJ") determined that Mr. Gosser suffers from severe impairments of chronic low back pain secondary to degenerative disc disease with disc bulge at L4/L5; status post L5/S1 hemilaminectomy/discectomy, but that these impairments do not meet or medically equal listed impairments. Though he cannot return to his past relevant work as a Law Enforcement Officer with the Kentucky Fish and Wildlife Department, the ALJ found that plaintiff retains the residual functional capacity to perform a full range of light work. Plaintiff has appealed from this unfavorable Decision.

II. Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex. Rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even though the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

III. Summary of Medical Evidence

While working as a law enforcement officer for the Kentucky Fish and Wildlife Department, Mr. Gosser suffered a back injury when he fell on a rock in 1999. As a result, he underwent an L5/S1 laminectomy and discectomy, for which he received a worker's compensation settlement and disability retirement through the state. Plaintiff was followed by his general physician, Dr. Kilgallin.

In February of 2002, plaintiff's general physician Dr. Kilgallin referred him to neurosurgeon Dr. Amr O. El-Naggar for evaluation of his continuing low back pain and left leg pain. Dr. El-Naggar found plaintiff to be neurologically intact, being post left L5/S1 hemi-laminectomy and discectomy with excellent results and no significant scar tissue around the S1 nerve root (Tr. 112). He discussed the lumbar MRI which revealed good decompression of the L5/S1 nerve roots with only mild degenerative disc disease at L4/5 and L5/S1 (Tr. 114). Dr. El-Naggar recommended a work-hardening program to strengthen plaintiff's paraspinal muscles. In October of 2002, an additional lumbar MRI revealed a small annular tear at L5/S1 and L4/5, with no focal disc extrusion or bony spinal stenosis (Tr. 115). In January of 2003, plaintiff indicated to Dr. El-Naggar that he was not hurting as significantly in his leg as he was before. In May 2003, Dr. El-Naggar found no evidence of significant nerve root compression, that plaintiff had reached maximum medical improvement, assigned a 13% whole body impairment rating under the AMA Guidelines, and imposed permanent restrictions of no lifting more than 20 pounds and no repetitive bending and twisting of the back (Tr. 103).

Claimant has also been treated for his continuing back pain with hydrocodone and epidural steroid injections by pain management specialist Dr. Howard Lynd since referral by Dr. El-Naggar in 2002 (Tr. 107). Records from Dr. Lynd indicate that plaintiff had good pain relief with epidural steroid injections in June, August and September of 2004. Plaintiff testified at the hearing that the injections provide up to three weeks of relief from the back pain (Tr. 164). Dr. Lynd completed a Residual Functional Capacity Questionnaire indicating postural limitations for pushing and pulling, bending, squatting, crawling, climbing, reaching above, stooping, crouching and kneeling. He also indicated plaintiff could not use his feet for repetitive movements, and that he should not be exposed

to unprotected heights, moving machinery, or marked temperature changes. Dr. Lynd indicated that plaintiff's pain is severe and would preclude any activity precipitating the pain. The RFC completed by Dr. Lynd indicates that plaintiff would be capable of sitting, standing, walking and working less than one hour each during an eight hour workday (Tr. 140-142).

Similarly, state Agency physician Kenneth Phillips completed a Physical Residual Functional Capacity Assessment and found – based upon the records and opinions of Dr. El-Naggar – that plaintiff could lift 20 pounds occasionally, 10 pounds frequently; that he could stand, walk and sit for 6 hours in an 8 hour workday; could push and/or pull; could occasionally climb ladders, ropes and scaffolds, and frequently climb ramps and stairs and balance; occasionally stoop; and frequently kneel, crouch, and crawl (Tr. 117-126).

### IV. Plaintiff's Objections

Plaintiff contends that the ALJ's Decision is erroneous in the following areas: A) the ALJ's Decision is not supported by substantial evidence because he did not utilize vocational expert testimony in determining that there was other work in the national economy that plaintiff could perform; B) the ALJ failed to give controlling weight to plaintiff's treating pain management specialist Dr. Harold Lynd; C) the ALJ erred in his pain and credibility determinations; and D) the ALJ failed to consider the side effects of plaintiff's medications.

A.  Vocational expert testimony, instead of the Medical-Vocational Guidelines, should have been used in this Step Five determination.

Plaintiff first disputes the findings that though he cannot return to his past relevant work, he could however return to other work existing in significant numbers in the national economy. Plaintiff faults the ALJ for failing to utilize vocational expert testimony to establish the existence of other work available to plaintiff. In cases where a claimant's vocational characteristics fit

squarely the criteria of a Medical Vocational Guidelines grid rule, the ALJ may rely upon that grid rule to conclude whether a claimant is disabled, 20 C.F.R. §404.1569. That is, if the evidence supports a finding that the claimant's age, education, work experience, and residual functional capacity coincide with all the criteria of a particular rule of Appendix 2 of Subpart P, the Commissioner must decide whether the claimant is disabled in accordance with that rule, Section 200.00(a) of Appendix 2; 20 C.F.R. §404.1569a(b). Here, the ALJ found and the record supports exertional limitations consistent with a full range of light work. Accordingly, reliance upon grid rule 202.14 was appropriate and the testimony of a vocational expert was not necessary.

B.     Controlling weight should have been given to the disabling opinions of plaintiff's treating pain management specialist Dr. Harold Lynd.

Plaintiff contends that it was error for the ALJ to not give controlling weight to the disabling opinions of Dr. Harold Lynd, his pain management specialist. At the heart of plaintiff's objection is the application of the what is commonly called the "treating physician rule." He contends that the disabling opinions of Dr. Lynd should have been given controlling weight under this rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993). Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Plaintiff contends that it was error for the ALJ to reject the disabling opinions of Dr. Lynd, as he is a treating physician and his assessment is not inconsistent with other substantial evidence in the record. Specifically, he urges that the opinions of Dr. Lynd and Dr. El-Naggar (whose

findings were reduced to a residual functional capacity assessment by state agency physician Dr. Kenneth Phillips) are not in conflict as is suggested by the ALJ. The Court disagrees with this assessment, and finds that the ALJ articulated sufficient reasons for rejecting the more limiting opinions of Dr. Lynd, stating:

> In arriving at the residual functional capacity, the undersigned has given controlling weight to the medical source statements by the treating physician, Dr. Amr O. El-Naggar, who imposed limitations to a light capacity. Dr. El-Naggar's opinion is well supported by clinical and laboratory diagnostic techniques, and is not inconsistent with other evidence in the file from examining/treating sources. On the other hand, the undersigned has rejected the opinion of Dr. Howard Wesley Lynd, who stated the claimant can do light work, but with postural and environmental limitations which are inconsistent with the claimant's activities of daily living. (Tr. 20)

In addition to these articulated reasons, the Court notes that the records indicate a substantial break in plaintiff's medical treatment between mid-2003 and June of 2004. Once treatment resumed on June 11, 2004, Dr. Lynd's records indicate good responses from the following epidural steroid injections. For the foregoing reasons, the Court finds that the ALJ's refusal to give Dr. Lynd's disabling opinions controlling weight is adequately supported by substantial evidence of record and comports with applicable law.

C.      <u>The ALJ erred in his pain and credibility determinations</u>.

Plaintiff argues that the medical evidence of record supports his complaints of pain, as is demonstrated by the diagnostic tests showing nerve root compression and an annular tear. While there certainly appears to be some objective medical evidence of a medical condition that could cause the pain complained of by the claimant, the Court is reminded that a significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, <u>Villareal v. Secretary</u>, 818 F.2d 461, 463 (6th Cir. 1987). Discounting a claimant's credibility to a certain degree is appropriate where an ALJ finds contradictions among

the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997). Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant is invaluable and should not be discarded lightly, Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987).

In this case, the ALJ properly considered numerous factors in coming to his conclusion that the plaintiff's allegations are "not totally credible." (Tr. 21) In fact, the ALJ gave plaintiff the benefit of the doubt, noting that he may experience pain, discomfort and functional limitations, but that the objective medical findings do not support disabling pain (Tr. 19). The ALJ evaluated both the claimant's level of daily activities, as well as the objective medical evidence to determine whether or not the plaintiff's subjective complaints of pain were supported in the record. The opinions of treating neurosurgeon Dr. El-Naggar were persuasive to the ALJ, whose records note an excellent surgical result with good decompression of the L5/S1 nerve root, no significant scar tissue around the S1 nerve root, and permanent restrictions consistent with light work. The ALJ also properly noted that doctors could not surgically improve his condition, and that some days he is able to get around if he paces himself. This Court is not in a position to second-guess the credibility determination of the ALJ in this case, as his credibility assessment is supported by substantial evidence and he sufficiently explained his reasons for rejecting Ms. Gosser's claims of disabling pain.

D.     The ALJ failed to consider the side effects of plaintiff's medications.

While plaintiff contends that it was error for the ALJ not to consider the side effects of his medications, there does not appear to be a complaint by plaintiff about those side effects. In addition, the plaintiff's testimony at the hearing indicates that he alternates taking narcotic

medications with over-the-counter medications so as to not become addicted to narcotics. Aside from Mr. Gosser's subjective complaints, there is no objective evidence of record suggesting drowsiness or other side effects. A claimant's accounts of adverse side effects from medications must be adequately documented in the medical evidence of record before an ALJ can consider them, Swindle v. Sullivan, 914 F.2d 222, 225 (11th Cir. 1990). Mr. Gosser's subjective complaints of drowsiness, absent any documented medical evidence, are insufficient basis for finding the side effects would interfere with his ability to perform work. Thus, the Court finds that the ALJ's failure to address plaintiff's subjective complaints of adverse side effects was at most, harmless error.

## V. Conclusion

The Decision in this case is supported by substantial evidence, comports with applicable law, and is entitled to this Court's deference.

A Judgment in conformity with this Memorandum Opinion has this day been entered.